# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LATOYA FAISON, individually and on behalf of her minor child J.B.,

**DEFENDANTS**
KIDS CHOICE LEARNING CENTER, INC., Individually and d/b/a FAIRY TALE ACADEMY,

**(b)** County of Residence of First Listed Plaintiff: **Delaware County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek Smith Law Group, PLLC
Caroline H. Miller, Esq.
1835 Market Street, Suite 2950, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
American with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA")

Brief description of cause:
disability discrimination in public accomodation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE 
DOCKET NUMBER 

DATE: 12/28/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
----------------------------------------------------------------X
LATOYA FAISON, individually and
on behalf of her minor child J.B.,

                Plaintiff,

      -against-

KIDS CHOICE LEARNING CENTER, INC.,
Individually and d/b/a FAIRY TALE ACADEMY,

                Defendant.
----------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiffs, LATOYA FAISON individually and on behalf of her minor child J.B., as and for her Complaint against Defendant KIDS CHOICE LEARNING CENTER, INC., individually and d/b/a FAIRY TALE ACADEMY, respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiffs complains pursuant to the American with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq*. ("ADA"), and its implementing regulation, 28 C.F.R Part 36 and seeks damages on behalf of her minor child to redress the injuries Plaintiffs have suffered as a result of being Discriminated and retaliated against solely due to Plaintiff's minor son's Disability.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment

pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).

3. Venue is proper in this district based upon Defendants' principal place of business within Delaware County, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the Defendants' conduct business and the events took place in Delaware County, Pennsylvania within the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff LATOYA FAISON (hereinafter, "Ms. Faison") is a natural person, a citizen of the United States and a resident of the Commonwealth of Pennsylvania, and is the natural mother, residential parent and legal custodian of the Minor Plaintiff.

5. The Minor Plaintiff (hereinafter also referred to as Plaintiff and "J.B.") is a natural person, a citizen of the United States and a resident of the State of Ohio, and a former student at FAIRY TALE ACADEMY. The Minor Plaintiff is well-known to the defendants and thus shall not be identified further for privacy reasons. The Minor Plaintiff currently suffers from autism and is thereby disabled under 42 U.S.C. §12102 and 28 C.F.R. Part 36.

6. The Minor Plaintiff was born on August 13, 2013 in Philadelphia, Pennsylvania and is currently 5 years old.

7. That at all times herein mentioned, Defendant KIDS CHOICE LEARNING CENTER, INC., was and still is a domestic business corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania and authorized to do business in the Commonwealth of Pennsylvania.

8. At all times material, Defendant KIDS CHOICE LEARNING CENTER, INC. does and continues to do business as FAIRY TALE ACADEMY (hereinafter "FTA").

9. At all times herein mentioned, Defendant FTA operates a daycare and preschool located at 8002 W. Chester Pike, Upper Darby, Pennsylvania 19082.

10. According to their website, Defendant FTA "is a family owned pre-school day care learning center than has been providing child care to local children for over 25 years in the Delaware County. Fairy Tale Academy Day Care Center is located in Upper Darby PA. Fairy Tale Academy provides a curriculum designed to offer children ages 2 to 6 in Upper Darby the skills sets needed to and prepare properly for schools. The Day Care Center provides a "theme" approach to learning which makes it easier for younger children to associate learning skills through characters. Provides children a custom designed learning environment that opens a new world of education to children at an earlier age. Fairy Tale Academy Day Care Center is the best way for your child to start their education in Upper Darby."

## MATERIAL FACTS

11. In or around January 2017, J.B. was diagnosed with Autism Spectrum Disorder.

12. Autism Spectrum Disorder is a developmental disorder that affects communication and behavior. More specifically, J.B. exhibits symptoms including, but not limited to, limited expressive language and difficulty with physical play and social skills. J.B. has deficits in his communication, play and social-emotional reciprocity, as well as restricted and repetitive patterns of behavior and sensory sensitivity.

13. In the summer of 2017, Plaintiff Ms. Faison, with the consent and participation of her husband, applied on behalf of the Minor Plaintiff for pre-school enrollment at Fairy Tale Academy for 2017-2018 academic year. Eventually, Defendant's accepted the Minor Plaintiff as a "four-year old" group and enrolled him for the 2017-2018 academic year.

14. Ms. Faison explained to Defendant FTA's administrator, Cathy (last name unknown) and Assistant Director, Michelle (last name unknown), that her son J.B. had been diagnosed

as Autistic, offering to provide any and all documentation as requested by Defendant FTA.

15. Defendant FTA acknowledged the diagnosis and agreed to work with Ms. Faison and the child's counselors so as to continue to provide an education to the Minor Plaintiff, including the provision of special services tailored to his condition. Defendant FTA's staff assured Ms. Faison that her son was in good hands and that Defendant FTA was equipped to provide all necessary additional supports as requested by Plaintiff.

16. As a result of their communication, it was understood that J.B.'s therapist, Kathy Mignone from Delaware County Intermediate Unit ("DCIU"), would come join his class two/three per week to assist his teachers and provide additional therapy while at school.

17. Defendant FTA placed J.B. into a class room with approximately twenty similarly aged students with two supervising teachers.

18. At all times material, Defendant FTA ensured that each and every classroom was equipped with two teachers per state requirements.

19. On or around December 6, 2017, Ms. Faison met with Defendant FTA's staff to discuss J.B.'s specific needs and plans for moving forward. Present at the meet were Defendant FTA's Assistant Director, Michelle (last name unknown), J.B.'s teacher Nicky (last name unknown), Kathy Mignone, Rosemary DiBello (DCIU Early Intervention Service Coordinator), a male speech therapist from DCIU, Donna from DCIU, Ms. Faison and Mr. Rashan Brown (J.B.'s father).

20. At no time did Defendants indicate that they were unable to accommodate J.B. additional needs, including additional supports by J.B.'s teachers to encourage socialization with other students.

21. At no time during the meeting did Defendant FTA indicate any ongoing problems or concerns regarding J.B. or his behavior while in daycare.

22. On or around January 3, 2018, Defendant FTA contacted Ms. Faison during pick-up at the end of the day. Without any prior discussion, Defendant FTA's Assistant Director, Michelle (last name unknown) informed Ms. Faison that her son was no longer welcome at FTA, indicating that his last day would be within one week.

23. Ms. Faison was shocked learning of the abrupt expulsion of her son and asked for their reasoning.

24. Defendant FTA explained that they no longer had the means to accommodate J.B. and were "short staffed."

25. Upon information and belief, after J.B.'s last day, Defendant FTA continued to provide tours and matriculate new able-bodied students to J.B.'s former classroom.

26. On or around January 12, 2018, Defendant FTA wrongfully expelled J.B. from their education program. Defendant FTA wrongfully terminated Plaintiff expelled J.B. because of his disability, because of his requests for a reasonable accommodation.

27. As of the date of filing of this complaint, Defendant FTA remains unwilling to provide J.B access to their school and his education.

28. That as a result of Defendant FTA's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

29. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

30. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

31. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

32. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

33. The above are just some examples, of some of the discrimination and retaliation to which Defendant subjected Plaintiff.

34. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

37. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter III, Section 12182, states: "(a) General rule. - No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

38. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability by:

    a. Denying an individual or class of individuals on the basis of disability or disabilities of such individual or class the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations provided by Ruffing, in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation at 28 C.F.R. §§ 36.201, 36.202, and 36.203; and

    b. Failing to make reasonable modifications in policies, practices, and procedures as necessary to avoid discrimination on the basis of disability, in violation of 42 U.S.C.§ 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302; and

    c. Using eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(i), and its implementing regulation at 28 C.F.R. § 36.301(a).

39. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. The conduct of the Defendants, individually and collectively, was intentional, personal in nature, retaliatory, extreme and outrageous so as to go beyond all possible bounds of decency.

42. Defendants' intentional and purposeful actions as described above, including but not limited to (a) Defendants' intentional discrimination against Plaintiff and intentional exclusion of the Minor Plaintiff from participating in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant, (b) Defendant's intentional failure to make reasonable accommodations in policies, practices, or procedures, when such modifications were necessary to afford individuals with autism, including the Minor Plaintiff, the opportunity to participate in and the actual participation in the activities,

goods, services, facilities, privileges, advantages or accommodations that Ruffing offered to other nondisabled students, and thus committed unlawful discrimination in violation of Title III of the ADA and federal and state anti-discrimination statutes identified above, and (c) Defendant's intentional failure and refusal to take such steps as necessary to ensure that no individual with autism, was excluded, denied services, segregated or otherwise treated differently than other individual, as evidenced by Defendant's refusal to provide, or due to the absence of, any auxiliary aids and services, individually and collectively, all of which were intentionally and purposefully done with actual malice, ill-will and discriminatory motive, and as against public policy, in order to deprive the Plaintiff of rights, goods, services and activities enjoyed by other non-disabled individuals.

43. As a direct and proximate result of Defendants' discriminatory, purposeful, intentional, and malicious actions and omissions, as described above, Plaintiffs have suffered and will continue to suffer extreme and irreparable consequential damages, including but not limited to mental injury, pain and suffering, emotional harm and distress, economic and emotional damage, social embarrassment and stigmatization, and undue publicity; the Minor Plaintiff has further suffered social, emotional and developmental injury and education deprivation, academic and social digression and extreme emotional distress. Plaintiff Ms. Faison has also suffered loss of filial consortium.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
December 28, 2018

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs

By: _____
   Caroline H. Miller, Esq.
   1835 Market Street, Suite 2950
   Philadelphia, Pennsylvania 19103
   (215) 391-4790

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  __Caroline H. Miller_____  _____
                               *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  __Caroline H. Miller_____  _____
                               *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LATOYA FAISON, individually and on behalf of her minor child J.B., | : | CIVIL ACTION |
| v. | : | |
| KIDS CHOICE LEARNING CENTER, INC., Individually and d/b/a FAIRY TALE ACADEMY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| 12/28/2018 | Caroline H. Miller | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790, ext. 200 | 215-893-5288 | caroline@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.